**Stephen V. Piucci OSB No. 821056**
**Joseph E. Piucci OSB No. 135325**
Piucci Law
900 SW Thirteenth Avenue, Ste. 200
Portland, Oregon 97205
Telephone: 503-228-7385
Facsimile: 503-228-2571

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **THE ESTATE OF WILLIAM RYAN RAGSDALE,** through Personal Representative Tim Nay,<br><br>                Plaintiff,<br><br>v.<br><br>**AVISTA CORPORATION,** a Washington Public Utility Corporation,<br><br>                Defendant. | Case No.<br><br>COMPLAINT<br><br>**JURY DEMAND** |

## JURISDICTION AND PARTIES

1.

This lawsuit arises out of the death of William Ryan Ragsdale, which occurred on or about April 18th, 2021, in Wallowa County, Oregon.

2.

William Ryan Ragsdale ("decedent") was born on January 4th, 1999. At the time of his death, Mr. Ragsdale was a citizen and resident of the State of Georgia.

Page 1 -    COMPLAINT

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

3.

Plaintiff Tim Nay is the duly appointed personal representative of the Estate of William Ryan Ragsdale ("the Estate"). Mr. Nay was appointed as Personal Representative for the Estate on November 24th, 2021, by Multnomah County Judge Patrick W. Henry, in Multnomah County Circuit Court Probate Case No. 21PB07312. The Estate is thus domiciled in Multnomah County, Oregon. Mr. Nay himself is a citizen and resident of Oregon. Statutory beneficiaries of the Estate, as defined by ORS 30.020, include, Lawanda Rochelle Williams Ragsdale, mother; and Glenn Ragsdale, father.

4.

Defendant Avista Corporation ("Avista") is a Washington Public Utility Corporation and is domiciled in the State of Washington.

5.

The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs.

## COMMON ALLEGATIONS

6.

At all material times, decedent William Ragsdale was employed by Potelco, Inc. ("Potelco") as a construction laborer. Prior to decedent's death, defendant Avista had contracted with Potelco to provide labor to replace a 9.8 mile section of Avista's "Lolo – Oxbow 230kV transmission line," which extended from the southern end of Nez Perce County, Idaho, through Idaho County, Idaho, and then across the Snake River into Wallowa County, Oregon.

7.

On or about April 18th, 2021, decedent and a co-worker were attempting to exit a remote worksite for the above project via US Forest Service Road 4260, a.k.a. Dug Bar Road, near milepost 1 in Wallowa County, Oregon. Decedent was a passenger in a Dodge Ram 5500

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

vehicle driven by a Potelco co-worker. As the vehicle was travelling down the road, the left rear tires of the dual axle vehicle went off the road at a point in the road which was "washed out" – eroded from water runoff – causing the vehicle to flip and roll down the steep hillside. Mr. Ragsdale was ejected from the vehicle.

8.

Decedent did not immediately die. When a co-worker arrived on the schene, he was conscious, talking, and stated that he "wanted to roll over," and "I'm hurting." He was conscious and aware of his impending death.

9.

The negligence and/or fault of defendant, in one or more of the particulars set forth herein, was a substantial factor in causing, contributing to, and/or enhancing injuries, and ultimately the death of decedent.

10.

The negligence and/or fault of defendant, in one or more of the particulars set forth herein, was a substantial factor in causing decedent to incur pain, suffering, and profound existential terror prior to his death, thereby entitling the Estate to an aware of noneconomic damages in a reasonable amount to be awarded by a jury.

11.

The negligence and/or fault of defendant caused the beneficiaries of the Estate to suffer the loss of society and companionship of decedent, entitling the Estate to an award of noneconomic damages in a reasonable amount to be awarded by the jury.

12.

The negligence and/or fault of defendant, in one or more of the particulars set forth herein, caused the Estate to incur a pecuniary loss on behalf of decedent, for the decedent's loss of earnings to date, for the loss of services and financial support to the beneficiaries and

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

pecuniary loss to the Estate, and for the decedent's lost wages and the loss of future earning capacity.

13.

The negligence and/or fault of defendant, in one or more of the particulars set forth herein, caused the Estate to incur reasonable burial and funeral expenses of decedent.

### CLAIMS FOR RELIEF
### FIRST COUNT

Negligence Per Se - Violation of ORS 654.305

14.

The work decedent was engaged in was work involving risk or danger in that it required decedent to access remote areas via unimproved, dangerous roads, to perform dangerous work on high-voltage power lines.

15.

At the time of decedent's death, defendant retained the right to control the work or instrumentality causing harm to decedent.

16.

At the time of decedent's death, defendant actually controlled the work or instrumentality causing harm to decedent.

17.

At the time of decedent's death, defendant was negligent in failing to use every device, care and precaution which was practicable to use for the protection and safety of employees. Specifically, defendant was negligent in one or more of the following particulars:

    a)    In failing to adequately evaluate Dug Bar Road for hazards including washouts prior to executing its contract with Potelco;

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

b) In contractually mandating repairs for washouts along other unimproved roads required for accessing jobsites for the project, but not mandating repairs to washouts along Dug Bar Road;

c) In approving access to the jobsite via Dug Bar Road without requiring repairs or improvements to washed-out sections of the road;

d) In allowing access to the jobsite via Dug Bar Road without approving the condition of the roadway beforehand, as required by contract;

e) In "anticipat[ing] that [Potelco] may employ the use of helicopters to assist with construction" without specifically mandating helicopter usage when road access is too dangerous;

f) In "anticipat[ing] that [Potelco] may employ the use of helicopters to assist with construction" without specifically appropriating funds for helicopter usage;

g) In failing to provide any or adequate training to workers at the jobsite in general, and to decedent and his co-workers in particular, regarding safe driving on unimproved mountain roads;

h) In failing to provide any or adequate training to workers at the jobsite in general, and to decedent and his co-workers in particular, regarding seatbelt usage on unimproved mountain roads;

i) In failing to provide any or adequate training to workers at the jobsite in general, and to decedent and his co-workers in particular, regarding identifying washouts on unimproved mountain roads;

j) In failing to ensure, in the absence of its own training programs, that workers at the jobsite in general, and decedent and his co-workers in particular, were adequately trained regarding the subjects identified above in (g) through (j);

k) In failing to ensure that Potelco had a continuing effective Motor Vehicle Safety Program covering the minimum elements under Oregon OSHA's Vehicle Safety for Small Businesses in the Construction Industry guidelines;

l) In failing to perform all of its obligations under its own contract;

m) In failing to see that the jobsite was inspected by a qualified inspector and remedy deficiencies or unsafe conditions which would be found by such an inspection.

18.

As a foreseeable result of defendant's above-described negligence, decedent was killed as alleged herein and decedent's Estate was damaged as alleged herein.

//

//

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

19.

Defendant's negligent acts constitute violations of ORS 654.305, and decedent, as an employee of another killed on-the-job, was the type of person the Employer Liability Law was enacted to protect.

## SECOND COUNT

Negligence Per Se – Violation of ORS 654.310

20.

Plaintiff incorporates paragraphs 14-16 herein.

21.

Defendant violated one or more of the following rules and regulations made as prescribed by the Oregon Department of Consumer and Business Services, the violation of which caused decedent's death:

    a)    Defendant required decedent to work in surroundings or under working conditions were hazardous or dangerous to his health and safety in violation of 29 CFR §1926.20(a)(1);

    b)    Defendant failed instruct each employee, including decedent and his co-workers, in the recognition and avoidance of unsafe conditions in violation of 29 CFR §1926.21(b)(2);

    c)    Defendant failed to implement or enforce an accident prevention program and to see that all workers are instructed and supervised in the safe operation of equipment and processes, in violation of OAR 437-001-0760 and 29 CFR §1926.20(b)(1); and

    d)    Defendant failed to see that the place of employment was inspected by a qualified person, and failed to remedy unsafe conditions found or which should have been found by such inspection, in violation of OAR 437-001-0760(7) and 29 CFR §1926.20(b)(2).

22.

Violations of those regulations constituted a violation of ORS 654.310.

23.

These regulations, promulgated by the Oregon Department of Consumer and Business Services pursuant to the Oregon Safe Employment Act, also known as the Oregon Occupational

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

Safety and Health Administration (OR-OSHA) regulations, were passed to protect individuals in the status of decedent – those at work – and were passed to prevent the type of accident which resulted in decedent's death – a death at work.

**THIRD COUNT**

Negligence Per Se – Violation of Oregon Safe Employment Act

24.

Plaintiff incorporates paragraphs 20-23 herein.

25.

At all material times, defendant was an employer in charge of and responsible for the work involving a risk or danger to plaintiff. The worksite at which plaintiff was working was a "place of employment" as defined in ORS 654.005(8), part of the Oregon Safe Employment Act ("OSEA"). The worksite was a fixed or movable place where an employee worked temporarily or permanently, where a process, operation, or activity related, either directly or indirectly, to an employer's industry, trade, business, or occupation.

26.

Defendant was an owner, as that term is defined is ORS 654.005(6), in that it had ownership, control, and/or custody of that location.

27.

Defendant was an employer, as that term is defined in ORS 654.005(6), in that it had one or more employees.

28.

By violating one or more of the safety codes set forth in paragraph 21 above, defendant failed to comply with every order, decision, direction, standard, rule, or regulation made or prescribed by the department in connection with the materials specified in ORS 654.001-654.295 and 654.750 to 654.780, or in any way relating to or affecting places of employment and failing

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

to do everything necessary or proper in order to secure compliance with and observance of every such order, decision, direction, standard, rule or regulation, as required by ORS 654.022.

29.

As a result of defendant's violations of the OSEA in one or more of the particulars above, plaintiff suffered the injuries alleged above.

## FOURTH COUNT

Negligence

30.

Defendant was negligent as alleged in paragraph 17 above.

31.

As a foreseeable result defendant's negligence, plaintiff suffered the injuries alleged above.

WHEREFORE, plaintiff prays for a judgment against defendant in an amount to be determined by a jury, and for his costs and disbursements incurred herein.

DATED this 1st day of April, 2024.

By: _____
Joseph E. Piucci, OSB 135325
Of Attorneys for Plaintiff
Telephone: 503-228-7385
Facsimile: 503-228-2571

Page 8 -   COMPLAINT

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571